IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2006 JAN 18  A 10: 14

| | |
|---|---|
| DR. ROBERT J. WALKER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:06CV49-D |
| ) | |
| H. COUNCILL TRENHOLM STATE ) | |
| TECHNICAL COLLEGE, ) | |
| ANTHONY MOLINA, individually and ) | |
| in his official capacity as President, H. ) | |
| Councill Trenholm State Technical ) | |
| College, ALABAMA DEPARTMENT ) | |
| OF POSTSECONDARY EDUCATION, ) | |
| and ROY W. JOHNSON, individually ) | **DEMAND FOR JURY TRIAL** |
| and in his official capacity as Chancellor ) | |
| of the Alabama Department of ) | |
| Postsecondary Education, ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiff, a former employee of H. Councill Trenholm State Technical College, seeks

declaratory and injunctive relief, compensatory damages, punitive damages and backpay from

defendants arising from defendants' violation of the rights guaranteed to plaintiff under the First and

Fourteenth Amendments to the United States Constitution, the Civil Rights Act, 42 U.S.C. § § 1981,

1983, and 1985(3), the Equal Protection Clause, and Title VII of the Civil Rights Act of 1964, 42

U.S.C. 2000e, et seq, amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

2.    Plaintiff brings this action pursuant to the First and Fourteenth Amendments to the


SCANNED
C8 11806

United States Constitution, 42 U.S.C. § § 1981 and 1983, and Title VII of the Civil Rights Act of

1964, 42 U.S.C. 2000e, et seq, as amended by the Civil Rights Act of 1991.

3.    Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and

1343, and 42 U.S.C. 2000e, et. seq.

4.    This action is brought within the State where the unlawful employment practice was

committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5.    Plaintiff's claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory

judgments), Fed. R. Civ. P. Rule 57, and 42 U.S.C. § § 1983 and 1985(3).

## PARTIES

6.    Plaintiff is an African-American male citizen of the United States and of the State of

Alabama. He is a resident of this Judicial District and Division.

7.    Defendant H. Councill Trenholm State Technical College (hereinafter "Trenholm

Tech") is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991

amendments thereto.

8.    Defendant Trenholm Tech is doing business within this District and Division.

9.    Plaintiff is an employee of the defendant Trenholm Tech within the meaning of Title

VII of th e1964 Civil Rights Act and the 1991 amendments thereto.

10.    Defendant Anthony Molina is an adult African-American citizen of the United States

and the State of Alabama, and he resides in Montgomery County. Defendant Molina is the President

of H. Councill Trenholm State Technical College and is the individual responsible for daily

operation of defendant Trenholm Tech. Defendant Molina is being sued individually and in his

official capacity as President for all claims of plaintiff except his Title VII claims.

11.    Defendant Alabama Department of Postsecondary Education (hereinafter "Post-

secondary Education") is the entity that oversees the operation of the state's two-year colleges and other educational institutions, including defendant Trenholm Tech.

12.     Defendant Roy W. Johnson is an adult Caucasian citizen of the United States and the State of Alabama, and he resides in Montgomery County. Defendant Johnson is the Chancellor of the Alabama Department of Postsecondary Education and is the individual responsible for daily operation of defendant Postsecondary Education. Defendant Johnson is being sued individually and in his official capacity as President for all claims of plaintiff except his Title VII claims.

## FACTS

13.     In or about January 2002, plaintiff was hired by defendant Trenholm Tech in the job position of Activity I Director/Curriculum Specialist under the Title IIIB federal grant.

14.     During his employment, plaintiff was given several additional job duties and responsibilities, which resulted in promotions for him.

15.     Plaintiff belongs to the Seventh Day Adventist Church and he is very active in practicing his faith. Plaintiff's faith is different from other religions in that his day of worship is on Saturdays instead of Sundays. Plaintiff is also a vegetarian due to his faith.

16.     While he was employed at Trenholm Tech, plaintiff's supervisors and President Molina were aware that he was a Seventh Day Adventist and that he was very devout to his faith.

17.     On many occasions, President Molina made references to and/or asked questions about plaintiff's religious beliefs.

18.     Throughout his employment, plaintiff was given positive employment evaluations and he was verbally told that he was doing an excellent job.

19.     Within the first year of his employment, President Molina called plaintiff into his office to discuss his job position. President Molina informed plaintiff that he wanted plaintiff to

replace his supervisor, Dean Gail Taylor, as Director of Title IIIB. Dr. Molina informed plaintiff that he was going to have Dean Taylor train plaintiff so that she could give up her dual roles of Dean of Academic Services and Director of Title IIIB.

20.    In the Summer of 2003, President Molina again called plaintiff into his office and informed plaintiff that he was giving him the additional job duties of the position of Coordinator of Distance Education. At this point, plaintiff's job responsibilities under Title IIIB included the following five primary areas: (1) Activity I Director, (2) Curriculum Specialist, (3) Coordinator of Faculty Evaluation, (4) Coordinator of Professional Development, and (5) Distance Education Coordinator.

21.    In the Spring of 2004, Dr. Molina asked plaintiff to write the curriculum for the Hyundai Motor Plant bid since the administrator in charge of the project had been removed from the responsibility. Plaintiff prepared the entire Hyundai curriculum within approximately three (3) weeks in order to meet the deadline established by Hyundai. Dr. Molina praised plaintiff's work in this program.

22.    Plaintiff could not attend the Fair for the Hyundai project because it was held on his day of worship, Saturday. All other administrators, including President Molina, attended the Fair for Hyundai, which was held in or about June 2004.

23.    In or about June of 2004, Dr. Molina moved plaintiff to the Early Childhood Education Department to establish an outline degree program for people in rural areas to obtain their degrees since federal law now requires individuals working in the Head Start Program to have a two (2) year associate degree.

24.    In or about late June 2004, plaintiff learned that Trenholm Tech was advertising the position of Director of Adult Education that was left vacant by the retirement of the previous

Director.

25.    Since plaintiff was highly qualified for this position, he applied for the position of Director of Adult Education, and he was selected by the selection committee as one of the ten applicants to be interviewed.

26.    On August 5, 2004, plaintiff was interviewed for the position of Director of Adult Education by the selection committee.

27.    On or about August 12, 2004, plaintiff was informed that he had not been selected for the position of Director of Adult Education. A less qualified African-American male, who did not have the same religious beliefs as plaintiff has, was selected for the position of Director of Adult Education.

28.    On or about August 9, 2004, plaintiff's contract was non-renewed by Dr. Molina due to his religious beliefs in violation of Title VII.. Plaintiff would have obtained tenured, or permanent status, pursuant to the Fair Dismissal Act and policies, if he had worked until January 2005.

29.    At the time of the termination of his contract, plaintiff was in a job position that had funding. Less qualified individuals without tenured status were retained when plaintiff's contract was non-renewed. There individuals did not have the same religious beliefs that plaintiff has.

30.    Throughout his employment, plaintiff was discriminated against and treated differently in the terms and conditions of his employment because of his religion. Plaintiff was also held to a higher standard of performance than similarly situated employees who did not hold the same religious beliefs as he held.

31.    Since August 9, 2004, plaintiff has applied for two other job positions with Trenholm Tech, for which he is highly qualified. These positions are the Dean of College and Director of Title III. These job positions were filed by less qualified individuals who do not have the same religious

beliefs that plaintiff has. Plaintiff has also applied for various positions for which he was highly qualified at other two year institutions under the control of defendant Postsecondary Education, but he has not been selected.

32.     Upon information and belief, defendants have a history of discriminating against employees based upon their religion.

33.     At all relevant times, defendant Postsecondary Education and defendant Trenholm Tech were subject to the terms and conditions of a Consent Decree regarding the terms and conditions of the hiring process for employees, promoting employees, and the re-organization of departments and employees' positions. See Shuford, et al. V. Alabama State Board of Education, et al., in the United States District Court for the Middle District of Alabama, Northern Division, Civil Action No. 89-T-196-N. This Consent Decree is referred to as the *Shuford/Johnson/Kennedy* Decree. Defendant Trenholm Tech has adopted policies and procedures consistent with the provisions of the *Shuford/Johnson/Kennedy* Decree.

34.     When plaintiff was denied the promotions for which he applied and his employment contract was terminated, he made written complaints pursuant to the *Shuford/Johnson/Kennedy* Decree to all defendants and the Alabama State Department of Education. Plaintiff complained that the policies in the *Shuford/Johnson/Kennedy* Decree and the policies of Trenholm Tech were not being followed in the denial of promotions and denial of employment to him.

35.     Defendants took no steps to correct the actions of defendant Trenholm Tech and defendant Molina in failing to comply with the terms and provisions of the *Shuford/Johnson/Kennedy* Decree with regard to the employment actions involving plaintiff.

36.     The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant Trenholm Tech is vested by state law in

defendant Molina subject to approval by Alabama Department of Postsecondary Education.

37.    Defendant Trenholm Tech denied plaintiff the promotion and terminated his employment based upon the decision of Defendant Molina in his position as President. Defendant Molina acted in an arbitrary and capricious manner.

38.    Defendant Trenholm Tech ratified defendant Molina's actions by not taking steps to stop and/or correct the same.

39.    The authority and responsibility for the operation, management, control, supervision, maintenance, regulation, and improvement of defendant Postsecondary Education is vested by state law in defendant Johnson subject to approval by Alabama State Board of Education.

40.    Defendant Postsecondary Education and defendant Johnson failed to take actions to insure that the policies and procedures of the *Shuford/Johnson/Kennedy* Decree were being followed in the employment actions regarding plaintiff. Defendants acted in an arbitrary and capricious manner.

41.    Defendants ratified defendant Molina's actions by not taking steps to stop and/or correct the same.

42.    Plaintiff's exercise of his rights to free speech and association as described above was a significant motivating factor in defendants' denial of the job promotion to plaintiff and his termination. In addition, plaintiff's religious beliefs were also a significant motivating factor in defendants' decisions to deny to him the job promotion and to terminate his employment.

43.    The unlawful denial of promotions to plaintiff and his termination were an exercise of final policy making authority, and not subject to further meaningful review under state law as well as relevant custom having the force of law, and so defendant Trenholm Tech is properly liable under 42 U.S.C. § 1983. Defendant Trenholm Tech, in adopting the recommendation of defendant Molina

to deny plaintiff the job promotion and to terminate his employment, did not engage in any meaningful review of the recommendation. Instead, defendant Trenholm Tech merely rubber-stamped the recommendation, giving mere *pro forma* approval of the decisions, which as a matter of custom and practice defendant Trenholm Tech had delegated to defendant Molina.

44.    The failure to make sure that the policies and procedures of the *Shuford/Johnson/Kennedy* Decree were being followed in the employment actions regarding plaintiff were an exercise of final policy making authority, and not subject to further meaningful review under state law as well as relevant custom having the force of law, and so defendant Postsecondary Education is properly liable under 42 U.S.C. § 1983. Defendants Johnson and Postsecondary Education, in adopting the recommendations of defendants Trenholm Tech and Molina to deny plaintiff the job promotion and to terminate his employment, did not engage in any meaningful review of the recommendations. Instead, defendants Johnson and Postsecondary Education merely rubber-stamped the recommendation, giving mere *pro forma* approval of the decisions, which as a matter of custom and practice defendant Postsecondary Education had delegated to defendants Molina and Trenholm Tech.

45.    In their actions toward plaintiff as described above, defendants acted willfully, intentionally and with callous and reckless indifference to plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, and the laws of the State of Alabama.

46.    As a result of defendants' denial of the promotion to plaintiff and his termination as described above in retaliation for plaintiff's exercise of his rights to free speech and association and due to his religion, plaintiff has suffered loss of income, loss of job benefits, severe humiliation, mental distress and emotional suffering.

## COUNT ONE

## RELIGIOUS DISCRIMINATION - TITLE VII

47.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

48.    Plaintiff has been intentionally discriminated against on the basis of his religion, Seventh Day Adventist, by defendant Trenholm Tech in violation of Title VII based on the following:

A.    On or about August 12, 2004, plaintiff was denied a promotion to the position of Director of Adult Education due to his religion, Seventh Day Adventist. Plaintiff was well qualified for the position of Director of Adult Education, but an African-American male, who did not have the same religious beliefs as plaintiff, with less qualification and experience was placed in the position. These actions were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

B.    On or about August 9, 2004, plaintiff's employment contract was non-renewed by Dr. Molina due to his religious beliefs, Seventh Day Adventist. Plaintiff would have obtained tenured, or permanent status, pursuant to the Fair Dismissal Act and policies, if he had worked until January 2005. Plaintiff was also in a needed job position that had funding. Less qualified individuals without tenured status were retained when plaintiff's contract was non-renewed. These individuals did not have the same religious beliefs that plaintiff had. All of these actions by defendants were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

C.    Throughout his employment, plaintiff has been discriminated against and treated differently in the terms and conditions of his employment because of his religion, Seventh Day Adventist. Plaintiff was held to a higher standard of performance than similarly situated employees

who did not hold the same religious beliefs as plaintiff held.  All of this conduct by defendants was in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

D.    Since August 9, 2004, plaintiff applied for two other vacant job positions with Trenholm Tech for which he was qualified.  These positions were the Dean of College and Director of Title III.  These vacant job positions were filed by less qualified individuals who do not have the same religious beliefs that plaintiff has.  Plaintiff was denied these job positions due to his religious beliefs, Seventh Day Adventist.  All of these actions by defendants were in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

E.    Defendant Trenholm Tech has a history of discriminating against employees based upon their religion in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

49.    In taking the above described actions, defendants intentionally discriminated against plaintiff on the basis of his religion.  Employees who do not hold the same religious beliefs were not treated in a similar fashion.  The actions of defendant Trenholm Tech were taken with malice and reckless indifference to the federally protected rights of plaintiff.

50.    As a proximate result of defendant's conduct, plaintiff has suffered, and will continue to suffer, lost back pay and benefits, mental anguish and emotional distress, and other damages.

51.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

A.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against defendant on or about February 3, 2005, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B.    On or about October 17, 2005, the U.S. Department of Justice, Civil Rights Division, issued plaintiff a Notice of Right to Sue on his EEOC charge.  Said charge was received

by plaintiff on or about October 21, 2005.

    C.    This complaint has been filed within 90 days of receipt of the notification of right to sue on his EEOC charge.

## COUNT TWO

### 42 U.S.C. § 1983 and FIRST AMENDMENT

52.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

53.    Defendants have denied plaintiff a job promotion and terminated his employment in retaliation for his legitimate exercise of his rights to free speech and free association as described above.

54.    Through the above described actions of defendants, plaintiff has been deprived of his freedom of speech and of association as guaranteed by the First Amendment of the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985(3) and has been damaged as set out above.

## COUNT THREE

### DENIAL OF EQUAL PROTECTION AND DUE PROCESS

55.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

56.    Defendants' actions against plaintiff constitutes a denial of equal protection under the Constitution of the United States, the Constitution of Alabama, 1901, and 42 U.S.C. § 1983.

57.    The failure or refusal of the defendants to treat the plaintiff in a manner similar to other employees similarly situated is a denial of plaintiff's rights to equal protection under the law in that the defendants have created separate classes of persons with no rational basis for distinction.

The plaintiff followed the policies and provisions of the *Shuford/Johnson/Kennedy* Decree and Trenholm Tech in his application for vacant positions at Trenholm Tech and other Postsecondary Education institutions. By refusing to follow the policies and provisions of the *Shuford/Johnson/Kennedy* Decree and Trenholm Tech with regards to the employment decisions involving plaintiff, defendants are arbitrarily drawing classes of persons for employment opportunities who have the same credentials and responsibilities. Such distinctions are arbitrary and capricious and have no rational relationship to any legitimate governmental purpose. Therefore, these actions are violative of the equal protection clauses of the Federal and State Constitutions; and defendants' policies violate the equal protection clauses of the Federal and State Constitutions because they are creating two classes of persons without a rational basis for distinction. Defendants' actions are also violative of the ruling of the Alabama Supreme Court in Ex parte McCord-Baugh, 894 So.2d 679 (Ala. 2004).

58.     Defendants' actions against the plaintiff constitute a violation of adopted policies and a Court approved Consent Decree, and as such, are violative of the laws of the State of Alabama.

59.     Such actions taken by the defendants in illegally depriving plaintiff of employment opportunities, salary and other benefits are contrary to law and without jurisdiction or authority under any provision of state or federal law.

60.     At all times relevant hereto, plaintiff complied with all of the defendants' policies and procedures.

61.     As a result of the defendants' actions as more fully set out hereinabove, plaintiff has suffered, and will continue to suffer, damages in that he has lost salary and pay to which he was entitled, has suffered personal and professional ostracism, has been injured in his personal and professional reputation, has suffered damage to career opportunities, has had to seek legal counsel,

has been caused, and will be caused, mental and emotional pain and anguish.

62.    Plaintiff alleges that the damages sustained and to be sustained by him is due to the negligence or callous disregard of the defendants to his rights and thus defendants should be liable for all damages resulting from said wrongful, unwarranted, unsubstantiated, and unconstitutional actions.

63.    Plaintiff has a clear, legal right to the relief sought herein which defendants have refused to recognize.

64.    The defendants have a ministerial duty to abide by the laws of the state of Alabama, including a ministerial duty to follow the policies and procedures of the *Shuford/Johnson/Kennedy* Decree.    The defendants' failures to follow the policies and procedures of the *Shuford/Johnson/Kennedy* Decree are violations of their ministerial duties.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court grant the following relief:

(a).    Grant plaintiff a declaratory judgment that the practices complained of herein are violative of the rights secured under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § § 1981, 1983 and 1985(3) and Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto;

(b)    Grant plaintiff an order enjoining defendants and all persons acting in concert with defendants from engaging in discriminatory and retaliatory employment practices on the basis of religion;

©)    Grant plaintiff placement in the position(s) in which he would have worked absent Defendant's discriminatory treatment;

(d)    Grant plaintiff the appropriate amount of backpay, damages, a pay raise with

backpay in the amount he would earned but for the unlawful and discriminatory practices of

defendant, and re-instatement, or in the alternative, frontpay;

(e)     Grant plaintiff an award of compensatory damages, including but not limited

to an award for mental anguish and emotional distress;

(f)     Award plaintiff his costs and expenses, including an award of reasonable

attorney's fees; and

(g)     Award such other legal and equitable relief as may be appropriate.

Respectfully submitted,

Candis A. McGowan (ASB-9358-036C)

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, Alabama 35203
Telephone:     (205) 324-0223
Facsimile:     (205) 323-1583
Email:          cmcgowan@saxonattorneys.com

Gary Eugene Atchison (w/ permission by CAM)

P.O. Box 2002
Montgomery, Alabama 36102-2002
Telephone: (334) 262-7232

Nancy E. Perry (ASB 3929-R76N) (w/ permission by CAM)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone:     (334) 834-9790
Facsimile:     (334) 834-7034
Email:         nancyp@alaedu.org


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

_____
**COUNSEL FOR PLAINTIFF**

**PLAINTIFF'S ADDRESS:**
Robert J. Walker
3754 Mosswood Road
Montgomery, AL 36116


**PLEASE SERVE DEFENDANT BY**
**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Trenholm State Technical College
1225 Air Base Boulevard
Montgomery, Alabama 36108

Anthony L. Molina
President
Trenholm State Technical College
1225 Air Base Boulevard
Montgomery, Alabama  36108

Alabama Department of Postsecondary Education
401 Adams Avenue
Montgomery, Alabama 36104-4340

Roy W. Johnson
Chancellor
Alabama Department of Postsecondary Education
401 Adams Avenue
Montgomery, Alabama 36104-4340