IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>NORTHERN DIVISION</u>

| | |
|---|---|
| DR. ROBERT J. WALKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>H. COUNCILL TRENHOLM STATE )<br>TECHNICAL COLLEGE; )<br>ANTHONY MOLINA, individually and )<br>in his official capacity as President, H. )<br>Councill Trenholm State Technical )<br>College; ALABAMA DEPARTMENT )<br>OF POSTSECONDARY EDUCATION; )<br>and ROY W. JOHNSON, individually )<br>and in his official capacity as Chancellor )<br>of the Alabama Department of )<br>Postsecondary Education; )<br>)<br>Defendants. ) | Civil Action Number<br>2:06-CV-49-D |

<u>MOTION TO DISMISS AND ALTERNATIVE
MOTION FOR MORE DEFINITE STATEMENT</u>

Come now Defendants H. Councill Trenholm State Technical College ("Trenholm State"), the Alabama Department of Postsecondary Education, Anthony Molina, and Roy W. Johnson, by and through Troy King, Attorney General for the State of Alabama, Margaret L. Fleming Assistant Attorney General, and Winfield J. Sinclair, Assistant Attorney General, and, pursuant to Rules 12(b)(1) and 12(b)(6), hereby respectfully move this Honorable Court to dismiss the Complaint as set out

with specificity below.  In the alternative, the defendants respectfully move this Honorable Court pursuant to Federal Rule of Procedure 12(e) to order the plaintiff to provide the defendants with a more definite statement so that the defendants may frame an appropriate responsive pleading.  As grounds therefor, the following is stated:

    1.  Defendants Trenholm State and the Alabama Department of Postsecondary Education are not "persons" for purposes of an action for damages under 42 U.S.C. 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  Therefore, Counts Two and Three are due to be dismissed for failure to state a claim upon which relief can be granted as to said defendants

    2.  To the extent that it seeks to sue Trenholm State and the Alabama Department of Postsecondary Education for damages for alleged violations of the plaintiff's constitutional rights under 42 U.S.C. 1983 (Counts Two and Three) or for alleged violations of state law, the Complaint is barred by the Eleventh Amendment.  The Supreme Court has held that "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)(citations omitted)(emphasis added).  The State of Alabama has not consented to this suit.  Article I, § 14 of the Constitution of

Alabama provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Indeed, in *Alabama v. Pugh*, 438 U.S. 781, 782 (1978), the Supreme Court quoted Section § 14 and noted "it appears that no consent could be given under Art. I, 14, of the Alabama Constitution"). Thus, Counts Two and Three of the Complaint cannot go forward against Trenholm Tech, and the Alabama Department of Postsecondary Education. Similarly, to the extent that the plaintiff claims relief under state law, the Complaint is barred by the Eleventh Amendment. *Pennhurst, supra.*

    3. Defendants Trenholm State and the Alabama Department of Postsecondary Education are not liable under Title VII for punitive damages because Title VII does not allow for the imposition of punitive damages against a "government, government agency, or political subdivision." 42 U.S.C. 1981a(b)(i); *Walker v. Fla. State University School*, 2004 WL 3135466 (N.D. Fla. 2004) at 2; *Biggs v. State of Fla. Bd. of Regents*, 1998 WL 344349 (N.D. Fla. 1998); *see also Garrett v. Clarke County Board of Education*, 857 F. Supp. 949 (S. D. Ala. 1994).

    4. To the extent that it proposes to sue the State of Alabama by suing Defendants Molina and Johnson in their official capacities for alleged constitutional violations under 42 U.S.C. § 1983, the Complaint cannot go forward as it is barred by the Eleventh Amendment because "official capacity suits… represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v.*

*Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978); *see also Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). As the Court noted in *Pennhurst*, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest,'" and that "…as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." 465 U.S. at 101-2. Therefore, Counts Two and Three of the Complaint cannot go forward against the individual defendants in their official capacities.

5. To the extent that it is seeking to sue Defendants Molina and Johnson in their individual capacities for damages for alleged constitutional violations under 42 U.S.C. § 1983 (Counts Two and Three) under the theory of respondeat superior, the Complaint fails to state a claim upon which relief can be granted because respondeat superior is not applicable to constitutional violations. *Monell v. Dept of Social Services of the City of New York*, 436 U.S. 658 (1978); *Dean v. Gladney*, 621 F.2d 1331 (5th Cir. 1980).

6. To the extent that it is seeking to sue Defendants Molina and Johnson in their individual capacities for damages based upon allegations of negligence, mere negligence will not support a claim for damages for alleged constitutional violations brought under 42 U.S.C. § 1983. *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986).

7. To the extent that it is seeking to sue Defendant Johnson in his individual capacity for damages, the Complaint does not state with specificity any act or omission that this defendant allegedly did that would provide him with notice of the plaintiff's constitutional rights. Accordingly, the Complaint is vague and conclusory and subject to dismissal for failure to state a claim. *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir. 1984)(vague and conclusory allegations of unconstitutional conduct by a governmental defendant do not state a claim upon which relief can be granted because vague, conclusory allegations do not state a claim under 42 U.S.C. § 1983).

8. The Complaint is due to be dismissed as to the allegations against Defendant Alabama Department of Postsecondary Education and Defendant Johnson because the charge of discrimination that the plaintiff filed with the Equal Employment Opportunity Commission was brought against Trenhom Tech and Defendant Molina (see Attachment A, Plaintiff's EEOC complaint). The plaintiff's charge of discrimination against Defendants Postsecondary Education and Johnson exceed the plaintiff's original charge and cannot reasonably be expected to grow out of said charge. *Waldemar v. American Cancer Society*, 971 F.Supp. 547, 553 (N.D. Ga. 1996) citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

9. The Complaint alleges that the plaintiff applied to "various positions… at other two year institutions under control of defendant Postsecondary Education"

(Complaint at 6, ¶31), but does not allege with specificity what those positions were, where those positions were, or how any defendant acted so as to be liable for the plaintiff's alleged non-selection. In addition, given the number of two year institutions and the number of positions, the plaintiff's averment does not provide enough information from which a responsive averment can be made by the defendants. Therefore, the defendants submit that the Complaint is due to be dismissed as vague and conclusory under *Fullman v. Graddick*, 739 F.2d 553, 560 (11th Cir. 1984). In the alternative, the plaintiff should be directed to provide sufficient details so as to permit the defendants to be able to frame an appropriate response.

10. The Complaint "re-alleges" all of its factual averments in each of its three causes of actions (Complaint at 9, ¶47 and at 11, ¶¶ 52 and 55), irrespective as to whether those allegations correlate with particular defendants or claims against particular defendants. Thus, all of the causes of action are an amalgamation of allegations that prevent defendants from making a coherent responsive pleading. As the Court noted in *Walker v. Fla. State Univ. Sch.*, 2004 WL 3135466 (N.D. Fla. 2004),

> With regard to the set of general allegations incorporated by reference into all counts of the complaint, the practice is disfavored. *Johnson Enterprises of Jacksonville v. FPL Goup, Inc.*, 162 F.3fd 1290, 1332-33 (11th Cir. 1998). Although the Court recognizes that there is some factual

> overlap among Plaintiff's various claims, not all of the allegations are pertinent to all claims and more care should be taken to incorporate only those allegations that are pertinent to each claim. *Id*.

Therefore, the Complaint should either be dismissed or the plaintiff directed to re-plead his causes of action so that each claim contains only those allegations that are pertinent that that claim (so the defendants may respond accordingly).

11. In the case at bar, there are individual defendants who are being sued for alleged constitutional violations under 42 U.S.C. § 1983. Such defendants should be and are entitled to specific and clear notice as to what acts or omissions they allegedly committed and a clear legal basis for their alleged liability to the plaintiff. *See N.A. ex rel Ainsworth v. Inabinett*, 2006 WL 297222, n.1 (M.D. Ala. February 7, 2006)*(citing GJR Investments, Inc. v County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998) as requiring a heightened pleading standard where defendants plead qualified immunity in response to a suit alleging constitutional violations under 42 U.S.C. 1983). To do otherwise limits their ability to frame an appropriate response and undermines their ability to present their defenses, including their qualified immunity from suit for damages.

Wherefore, for the above-stated reasons, the defendants submit that portions of the Complaint are due to be dismissed for lack of jurisdiction and/or failure to state a claim and that the plaintiff should be directed to either re-plead his allegations or to

otherwise provide the defendants with a more definite statement in order for the defendants to be able to frame a responsive pleading.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL
BY:

Margaret L. Fleming (FLE 001)
Assistant Attorney General

s/Winfield J. Sinclair

Winfield J. Sinclair
Assistant Attorney General
Attorney No. ASB-1750-S81W

Office of the Attorney General
11 S. Union Street
Montgomery, AL 36130-0152
TEL: 334-242-7300
FAX: 334-353-8440
E-Mail: wsinclair@ago.state.al.us

Attorneys for named defendants

CERTIFICATE OF SERVICE

This is to certify that on the 13th day of March, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Candis A. McGowan, Esquire
John D. Saxon, P.C.
2119 3rd Ave. North
Birmingham, Alabama 35203

Gary E. Atchison, Esquire
P.O. Box 2002
Montgomery, Alabama 36102-002

Nancy Elaine Perry, Esquire
Alabama Education Association
P.O. Box 4177
Montgomery, Alabama 36103-4177

s/Winfield J. Sinclair

Winfield J. Sinclair
Assistant Attorney General

Address of Counsel:

Office of the Attorney General
11 South Union
Montgomery, Alabama 36130
TEL: 334-242-7300
FAX: 334-353-8440
E-mail: wsinclair@ago.state.al.us