EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

**RECEIVED FEB 0 0 2005**

Mrs Pam Rollins
Human Resource Director
TRENHOLM STATE TECHNICAL COLLEGE
1225 Air Base Blvd.
Montgomery, AL 36108

PERSON FILING CHARGE

**Robert J. Walker**

THIS PERSON (check one or both)
[X] Claims To Be Aggrieved
[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**130-2005-02174**

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act
[ ] The Americans with Disabilities Act
[ ] The Age Discrimination in Employment Act
[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **08-MAR-05** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **22-FEB-05** to **Debra B. Leo, ADR Coordinator, at (205) 212-2146**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Donald P. Burris,
Deputy Director
EEOC Representative
Telephone: **(205) 212-2081**

Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE  [ ] COLOR  [ ] SEX  [X] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

**EXHIBIT A**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Feb 08, 2005 | Bernice Williams-Kimbrough, District Director | /s/ Bernice Williams-Kimbrough |

*Enclosure with EEOC Form 131 (5/01)*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

| CHARGE OF DISCRIMINATION | Agency | Charge Number |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☐ EEOC | 130-2005-02174 |

_____ and EEOC
State or local Agency, if any

**Name** (Indicate Mr., Ms., Mrs.)
Dr. Robert J. Walker

**Home Telephone** (Include Area Code)
(334) 613-1033

**Street Address**           City, State and Zip Code
3754 Mosswood Road, Montgomery, AL 36116

**Date of Birth**
09/19/56

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

**Name**
H. Councill Trenholm State Technical College

**Number of Employees, Members**
More than 15

**Telephone** (Include Area Code)
(334) 420-4200

**Street Address**           City, State and Zip Code
1225 Air Base Blvd., Montgomery, AL 36108

**County**
Montgomery

**Name**

**Telephone Number** (Include Area Code)

**Street Address**           City, State and Zip Code

**County**

**Cause of Discrimination Based on** (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   XXXX RELIGION   ☐ AGE
☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER

**Date Discrimination Took Place**
Earliest                Latest
                        10/2004

XXX CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)).

**SEE ATTACHED PAGE FOR PARTICULARS**

FEB 3 2005



NOTARY - (When necessary for State and Local Requirements)
I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

2/02/05  Robert J. Walker
Date      Charging Party (Signature)

1. I am Dr. Robert J. Walker and I am an African-American male. My date of birth is September 19, 1956, and my Social Security Number is ███.

2. I was employed by H. Councill Trenholm State Technical College ("Trenholm Tech") from January 2002 until my contract was non-renewed on August 9, 2004. The President of Trenholm Tech, Dr. Anthony Molina, hired me in January 2002, as the Activity I Director/Curriculum Specialist under the Title IIIB federal grant. During my employment, I was given several additional job duties and responsibilities, which resulted in promotions for me.

3. I belong to the Seventh Day Adventist Church, and I am very active in practicing my faith. My faith is different from other religions in that my day of worship is on Saturdays instead of Sundays. I am also a vegetarian due to my faith. While employed at Trenholm Tech, my supervisors and President Molina knew that I was a Seventh Day Adventist and that I was very devout to my faith. On many occasions, President Molina made references to and/or asked questions about my religious beliefs.

4. Throughout my employment, I was given positive employment evaluations and I was verbally told that I was doing an excellent job. Within my first year of employment, President Anthony Molina called me into his office and informed that he wanted me to replace my supervisor, Dean Gail Taylor, as Director of Title IIIB. Dr. Molina informed me that he was going to have Mrs. Taylor train me so that she could give up her dual roles of Dean of Academic Services and Director of Title IIIB. The plan was for Dean Taylor to work with me for a year to groom me for the position of Director of Title IIIB. In the Summer of 2003, President Molina again called me into his office and informed me that he was giving me the additional job duties of the position of Coordinator of Distance Education. At this point, my job responsibilities under Title IIIB included the following five primary areas: (1) Activity I Director, (2) Curriculum Specialist, (3) Coordinator of Faculty Evaluation, (4) Coordinator of Professional Development, and (5) Distance Education Coordinator. In the Spring of 2004, Dr. Molina asked me to write the curriculum for the Hyundai Motor Plant bid since the administrator in charge of the project had been caught plagiarizing another's company's curriculum. I prepared the entire Hyundai curriculum within approximately three (3) weeks in order to meet the deadline established by Hyundai. Dr. Molina praised my work in this program. I could not attend the Fair for the Hyundai project because it was held on my day of worship, Saturday. In or about June of 2004, Dr. Molina moved me to the Early Childhood Education Department to establish an online degree program for people in rural areas to obtain their degrees since federal law now requires individuals working in the Head Start Program to have a two-year associate degree.

5. In or about late June 2004, I learned that Trenholm Tech was advertising the position of Director of Adult Education that was left vacant by the retirement of the previous Director. Since I was highly qualified for this position, I applied for the position of Director of Adult Education, and I was selected by the selection committee as one of the ten applicants to be interviewed. On August 5, 2004, I was interviewed for the position. On or about August 12, 2004, I was informed that I was not selected for the position of Director of Adult Education. A less qualified African-American male, who did not have the same religious beliefs as I have, was selected for the position of Director of Adult Education. I was denied the job position of Director of Adult Education due to my religion, Seventh Day Adventist, in violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991 (hereinafter "Title VII").

6. On or about August 9, 2004, my contract was non-renewed by Dr. Molina due to my religious beliefs in violation of Title VII. I would have obtained tenure status, or permanent status, pursuant to the Fair Dismissal Act, if I had worked until January 2005, and I was in a job position that had funding. Less qualified individuals without tenure status were retained when my contract was non-renewed. These individuals did not have the same religious beliefs that I have. All of these actions by Trenholm Tech were in violation of Title VII.

Throughout my employment, I was discriminated against and treated differently in the terms and conditions of my employment because of my religion, in violation of Title VII. Furthermore, I was held to a higher standard of performance that similarly situated employees who did not hold the same religious beliefs as I held. All of this conduct by Trenholm Tech is in violation of Title VII.

Since August 9, 2004, I have applied for two other job positions with Trenholm Tech, for which I am highly qualified. These positions are the Dean of College and Director of Title III. These job positions were filled by less qualified individuals who do not have the same religious beliefs that I have. I was denied these job positions due to my religious beliefs. All of these actions by Trenholm Tech in violation of Title VII.

Upon information and belief, the employer has a history of discriminating against employees based upon their religion. He has had the SGA officers to attend his church.

FEB 3 2005

_____    2/03/05
Dr. Robert J. Walker            Date

## CONSENT TO MEDIATION

The employer is in receipt of Charge No. _130-2005-02174_ filed by _Robert Walker_ against _Trenholm Tech_. The employer is interested in resolving this charge through Equal Employment Opportunity Commission's (EEOC) Alternate Dispute Resolution (mediation) process.

We understand that if the charge is selected for mediation, the charge will be mediated by the EEOC ADR Administrator who is a certified mediator or another neutral mediator who is not employed by the Commission.

We understand that the mediation process is voluntary and non-binding. We understand that either the Charging Party or Respondent may opt out of mediation at any time without adversely affecting the way the EEOC will process the charge. If the charge is not resolved through mediation, it will be processed through EEOC's charge processing procedure. Should the charge be resolved through mediation, the EEOC will terminate its processing of the charge. The approximate time for the ADR process is sixty (60) days.

We understand that the mediation process is confidential. The employer will not disclose any information discussed within the mediation process or the outcome of the mediation process. The employer does authorize the mediator to disclose to the EEOC's Birmingham District Office the final results of the mediation process and any benefits received by the complainant. This information is reported for ADR program evaluation purposes only.

If the charge is selected for mediation, the employer agrees to cooperate with the EEOC and the mediator toward resolving the charge.

_____        _____
Signature for the Respondent                                Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 731-0082
TTY (205) 731-0175
FAX (205) 731-2101

The above referenced charge is about to begin the long investigative and legal adjudication process. At this point, the Equal Employment Opportunity Commission invites both parties to pause and seriously consider the possibility of resolving the disagreement through Alternative Dispute Resolution (ADR).

Mediation focuses on a resolution of the underlying dispute by addressing the interests of both parties. It is not a form for reaching a determination on whether discrimination occurred. Therefore, any agreement reached during mediation does not constitute an admission that discrimination occurred.

There is no fee for mediation. If you are interested in resolving this complaint through mediation you do not need to provide a position statement or requested documentation at this time. If a resolution is reached, an agreement will be signed and the case will be closed. The Charging Party will not be issued a Notice of Right to Sue.

If a charge is not resolved during the mediation process, you will then respond to the charge and it will be processed just like any other charge. Since the entire mediation process is strictly confidential, information revealed during the mediation session cannot be disclosed to anyone including other EEOC personnel. Therefore, it cannot be used during any subsequent investigation.

Please return the signed form within ten (10) days of your receipt of this notice to begin the mediation process.