**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **DR. ROBERT J. WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:06cv49-ID** |
| | ) | **(WO)** |
| **H. COUNCILL TRENHOLM STATE** | ) | |
| **TECHNICAL COLLEGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the court is a motion to dismiss and alternative motion for more definite

statement (Doc. No. 8), filed by Defendants H. Councill Trenholm State Technical College

("Trenholm State"), Alabama Department of Postsecondary Education, Anthony Molina

("Molina") and Roy W. Johnson ("Johnson").  See Fed. R. Civ. P. 12(b)(6), (e).  Plaintiff,

who is Dr. Robert J. Walker, filed a response to the motions.  (Doc. No. 12.)  Accepting the

facts as alleged in the Complaint as true and reviewing them most favorably to Plaintiff, see

Jackson v. BellSouth Telecommunications, 373 F.3d 1250, 1262 (11th Cir. 2004), and for the

reasons to follow, the court finds that the motion to dismiss is due to be granted as to some

claims because "it appears beyond doubt that the plaintiff can prove no set of facts . . .

which would entitle him to relief," In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996), and

that the alternative motion for more definite statement is due to be granted as to other

claims.

In his Complaint, Plaintiff contends that he was subjected to unlawful employment discrimination based upon his religion.  He predicates liability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), and the First and Fourteenth amendments, as enforced by 42 U.S.C. § 1983 ("§ 1983").

Defendants assert five principal grounds in support of their motion to dismiss.  First, Defendants contend that Plaintiff's § 1983 causes of action (Counts 2 and 3) are due to be dismissed against Trenholm State and the Alabama Department of Postsecondary Education based on the Eleventh Amendment and for the additional reason that these two entities are not "persons" within the meaning of § 1983.  (See Doc. No. 8 ¶¶ 1-2.)  Although Defendants are correct, see Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989) (holding that entities with Eleventh Amendment immunity, including states and state agencies, are not "persons" subject to liability under § 1983), Plaintiff responds that he is not bringing his § 1983 claims against either Trenholm State or the Alabama Department of Postsecondary Education.  (Doc. No. 12 ¶ a.)  It, though, is a stretch to arrive at the same conclusion as Plaintiff on the basis of the allegations in the Complaint, as Counts 2 and 3 use the plural form of "Defendants" in asserting liability for § 1983 constitutional violations.  Accordingly, it is CONSIDERED and ORDERED that Defendants' motion to dismiss Counts 2 and 3 against Trenholm State and the Alabama Department of Postsecondary Education be and the same is hereby GRANTED.

Second, Defendants contend that Counts 2 and 3 against Molina and Johnson, in their official capacities, are due to be dismissed pursuant to Eleventh Amendment immunity.

(Doc. No. 8 ¶ 4.)  Plaintiff agrees with one exception.  Plaintiff contends that the Eleventh

Amendment does not bar his § 1983 claims against Molina and Johnson, in their official

capacities, for prospective equitable relief, namely his request for reinstatement.  (Doc. No.

12 ¶ a.)  Plaintiff is correct.  In _Ex parte_ Young, 209 U.S. 123 (1908), the Supreme Court of

the United States held that Eleventh Amendment immunity does not extend to suits against

state officers seeking prospective equitable relief to end continuing violations of federal law.

See Florida Assoc. of Rehabilitation Facilities, Inc. v. State of Florida Dep't of Health and

Rehabilitative Servs., 225 F.3d 1208, 1219 (11th Cir. 2000).  Reinstatement constitutes

prospective equitable relief.  Cross v. State of Ala., State Dept. of Mental Health & Mental

Retardation, 49 F.3d 1490, 1503 (11th Cir. 1995).  In accordance with the foregoing, it is

CONSIDERED and ORDERED that Defendants' motion to dismiss Counts 2 and 3 against

Molina and Johnson, in their official capacities, be and the same is hereby GRANTED in

part and DENIED in part.

        Third, as to Count 1, Defendants contend that Trenholm State is not liable under Title

VII for punitive damages and, thus, seek dismissal of the Title VII punitive damages claim.

(Doc. No. 8 ¶ 3.)  Plaintiff responds that Defendants' contention "about the availability of

punitive damages [under Title VII], is not a 'motion to dismiss' argument, but instead an

extremely premature argument about jury instructions."  (Doc. No. 12 ¶ b.)  The court

agrees with Defendants.  Title VII disallows punitive damage awards against the government

or a governmental agency.  See 42 U.S.C. § 1981a(b)(1) ("[a] complaining party may

recover punitive damages under this section against a respondent (other than a government,

government agency or political subdivision").  As a result, courts applying 42 U.S.C.

§ 1981a(b)(1) have dismissed Title VII punitive damages claims brought against state

governmental agencies and officials.  See Bryant v. Locklear, 947 F. Supp. 915, 916

(E.D.N.C. 1996) (dismissing punitive damage claims against state university and university

official acting in official capacity); Bremiller v. Cleveland Psychiatric Inst., 879 F. Supp.

782, 789 (N.D. Ohio 1995) (finding on motion to dismiss that § 1981a(b)(1) prohibited

award of punitive damages against state government agency).  Because it is undisputed that

Trenholm State is a state government entity, it is CONSIDERED and ORDERED that

Defendants' motion to dismiss the Title VII punitive damages claim in Count 1 against

Trenholm State be and the same is hereby GRANTED.

Fourth, the court finds that the arguments for dismissal asserted by Defendants in

paragraphs 2 and 8 of their motion to dismiss regarding the Alabama Department of

Postsecondary Education and Johnson are moot.  (See Doc. No. 8 ¶¶ 2, 8.)  Therein,

Defendants seek dismissal of the Title VII claims against the latter two Defendants;

however, as pointed out by Plaintiff (see Doc. No. 12 ¶ d), Count 1 of the Complaint seeks

to impose Title VII liability only against Trenholm Tech.  (Compl. ¶ 48 (Doc. No. 1)); (Doc.

No. 12 ¶ d.)  Because neither the Alabama Department of Postsecondary Education nor

Johnson is named in Count 1, it is CONSIDERED and ORDERED that Defendants' motion

to dismiss these two Defendants as to Count 1 be and the same is hereby DENIED as moot.

Fifth, in paragraphs 6, 7, 9, 10 and 11 of their motion to dismiss, Defendants complain of various pleading deficiencies as to the § 1983 claims in Counts 2 and 3 asserted against the individual Defendants in their personal capacities.  The court agrees that the Complaint fails to meet the heightened pleading requirements in § 1983 actions where, as here, qualified immunity is available as a defense.  See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).  For example,[1] Plaintiff recites the facts in one section and then in Counts 2 and 3 merely incorporates the facts by reference to all of the preceding facts (see Compl. ¶¶ 52, 55), without identifying which facts are relevant to which constitutional claims.  Defendants should not be required to comb through the allegations in an attempt to decipher which facts are supportive of each claim.  See Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm., 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint where each count adopted the allegations of all preceding counts as an impermissible "shotgun pleading").  Similarly, in Counts 2 and 3, Plaintiff generically pleads that "Defendants," in the plural form, deprived him of his constitutional rights, without enumerating the precise acts of each Defendant which form the basis of each alleged constitutional violation.  See, e.g., Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. Appx. 368, 373 (11th Cir. Aug. 22, 2005) (categorizing complaint as a "shotgun" pleading because "[o]nly a few of [plaintiff's] claims were specific as to any defendant, and the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim").

---

[1] The court's examples should not be interpreted as being exhaustive.

Notwithstanding these pleading deficiencies, the court declines to grant Defendants' motion to dismiss at this time, but instead will grant Defendants' alternative motion for more definite statement.  See Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (reversing district court's judgment dismissing complaint and remanding to permit plaintiff to replead claims in shotgun complaint); Anderson, 77 F.3d at 366 (a defendant faced with an incomprehensible complaint "is not expected to frame a responsive pleading," but "is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement"); LaFleur v. Wallace State Cmty. College, 955 F. Supp. 1406, 1420 (M.D. Ala. 1996) ("Generally, to remedy deficient pleadings in § 1983 actions, courts grant a plaintiff leave to amend the complaint . . . rather than dismiss the cause of action."). Accordingly, based on the foregoing, it is CONSIDERED and ORDERED that Defendants' motion to dismiss Counts 2 and 3 based on pleading deficiencies be and the same is hereby DENIED at this time, but that Defendants' alternative motion for more definite statement be and the same is hereby GRANTED to the extent that Plaintiff is permitted until September 6, 2006, to file an amended complaint to comply with the pleading requirements applicable to his § 1983 claims.  Plaintiff is forewarned, however, that if only conclusory allegations are provided, the court will entertain and grant a motion to dismiss, if filed.

DONE this 23rd day of August, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

6