IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>NORTHERN DIVISION</u>

| | | |
|---|---|---|
| DR. ROBERT J. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| v. | ) | |
| | ) | 2:06-CV-49-ID-SRW |
| H. COUNCILL TRENHOLM STATE | ) | |
| TECHNICAL COLLEGE; | ) | |
| ANTHONY MOLINA, individually and | ) | |
| in his official capacity as President, | ) | |
| H. Councill Trenholm State Technical | ) | |
| College, | ) | |
| | ) | |
| Defendants. | ) | |

# **ANSWER TO AMENDED COMPLAINT**

Come now the defendants, by and through Troy King, Attorney General for the State of Alabama, and Winfield J. Sinclair, Assistant Attorney General, and, for answer to the Amended Complaint of the plaintiff, Dr. Robert J. Walker, state as follows in Paragraphs numbered to correspond to those of the Amended Complaint:

1.      This Paragraph contains preliminary legal averments which require no substantive response from the defendants and hence requires no answer from them.  To the extent that a response may be deemed necessary, the defendants admit that the Plaintiff is seeking relief under the stated statutes and deny that the plaintiff is entitled to such relief.  The defendants further deny violating either the law or the plaintiff's rights.

2.      The defendants admit jurisdiction and venue under Title VII.  The defendants deny jurisdiction under 42 U.S.C. 1981 and 1983.

3. The defendants admit jurisdiction to the extent not precluded under the Eleventh Amendment. The defendants deny jurisdiction to the extent precluded under the Eleventh Amendment.

4. The defendants admit venue and deny committing any "unlawful employment practice."

5. The averments of this Paragraph contain legal conclusions and thus require no substantive response from the defendants. To the extent that a substantive response may be deemed to be required, the defendants admit jurisdiction to the extent not precluded under the Eleventh Amendment. The defendants deny jurisdiction to the extent precluded under the Eleventh Amendment.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. First sentence admitted. Second sentence admitted. The third sentence requires no substantive response from the defendants and hence requires no answer from them. To the extent that a response may be deemed necessary, Defendant Molina admits that the Plaintiff is seeking to sue him in the capacities alleged.

## FACTS

11. Admitted.

12. The defendants admit that the plaintiff was given additional job duties. Otherwise denied.

13. With respect to the first and third sentences, the defendants admit that the plaintiff has averred that he is an Seventh Day Adventist, a vegetarian, and active in his faith but are without sufficient knowledge or information as to form a belief as to the accuracy of the averment or the sincerity of the plaintiff's beliefs and so deny the same. Second sentence admitted.

14. The defendants admit that Defendant Molina knew that the plaintiff was a Seventh Day Adventist. Otherwise denied.

15. Denied.

16. The defendants admit that the plaintiff received generally favorable evaluations. The defendants deny that the plaintiff demonstrated "excellence".

17. Admitted, except that the defendants deny that Dr. Molina "informed the plaintiff that he wanted the plaintiff to replace" Ms. Taylor.

18. Admitted.

19. First sentence admitted, except that the defendants deny that the administrator in charge of the project had been removed from the responsibility. Second sentence denied. Third sentence denied.

20. First sentence admitted. With respect to the second sentence, the defendants admit that Defendant Molina and some administrators attended the Hyundai Fair in June of 2004. Otherwise denied.

21. Admitted.

22. The defendants admit that Trenholm Tech advertised a vacancy in the position of Director of Adult Education due to the retirement of the previous occupant of that position. The

defendants are without knowledge or information as to when the plaintiff learned about the position.

23. The defendants admit that the plaintiff applied for the Adult Education Director position and that he was one of ten persons interviewed by the selection committee. The defendants object to the term "highly qualified" as argumentative and so deny the same.

24. Admitted.

25. First sentence admitted. The defendants admit that another African-American male was selected for the position of Director of Adult Education. The defendants are without knowledge as to the religious beliefs of the individual who was hired for the Director of Adult Education position and so deny the same. Otherwise denied.

26. The defendants admit that the plaintiff's contract was non-renewed by Defendant Molina on or about August 9, 2004 and that the plaintiff would have obtained tenured or permanent status pursuant to the Fair Dismissal Act and policies, if he had worked until January of 2005. The defendants admit that at the time of the non-renewal of his contract, the plaintiff's job position had funding. Otherwise denied.

27. First sentence admitted. The defendants are without knowledge as to the religious practices of the persons who were retained from other contracts or positions and so deny the same. Otherwise denied.

28. Denied.

29. Admitted.

30. Admitted.

31. The defendants admit that the plaintiff applied for the positions of Dean of College and Director of Title III and that he was not hired for said positions.

The defendants admit that the plaintiff submitted applications for one or more other positions at two year institutions not under the control of either Defendant Trenholm Tech or Defendant Molina but was not selected. The defendants object to the term "highly qualified" as argumentative and so deny the same. The defendants are without knowledge as to the religious practices of the persons who were hired and so deny same. Otherwise denied.

32.   Denied.

33.   Admitted.

34.   The defendants admit that the plaintiff made some complaints alleging unspecified violations of the Shuford/Johnson/Kennedy Decree and in which he made no reference to his religious beliefs. Otherwise denied.

35.   The defendants object to this allegation as containing improper predicate statements that cannot be admitted or denied and so deny the same. Otherwise denied.

36.   Admitted.

37.   The defendants admit that Defendant Molina made the decision to terminate the plaintiff (or not to renew the plaintiff's contract). The defendants deny that Defendant Molina made the decision to deny the plaintiff's application for Director of Adult Education. Otherwise denied.

38.   Denied.

39.   Denied.

40.   The defendants admit that Dr. Molina's decision not to renew the plaintiff's contract was a final decision under state law and relevant customs. Otherwise denied.

41.   Denied.

42.   Denied.

## Count One

43.     The defendants adopt their responses to the plaintiff's previous allegations as previously set out.

44.     A.      The defendants admit that on or about August 12, 2004, the plaintiff was not hired for the position of Director of Adult Education and that another African American male was hired for said position. Otherwise denied.

       B.      The defendants admit that on or about August 9, 2004, the plaintiff's employment contract was non-renewed by Dr. Molina and that the plaintiff would have obtained tenured or permanent status, pursuant to the Fair Dismissal Act and policies, if he had worked until January 2005. The defendants admit that the plaintiff was in a needed job position that had funding. The defendants are without knowledge to admit or deny whether "[l]ess qualified individual without tenured status were retained" and so deny the same. The defendants are without knowledge as to the religious beliefs of the previously mentioned unknown "[l]ess qualified individual" and so deny the same. Otherwise denied.

       C.      Denied.

       D.      The defendants admit that the plaintiff applied for, and was not hired for, two other vacant job positions with Trenholm Tech, Dean of College and Director of Title III. The defendants are without knowledge as to the religious beliefs of the individuals who were hired for these positions and so deny the same. Otherwise denied.

       E.      Denied.

45.     Denied.

46.     Denied.

    47.    A.    The defendants admit on or about February 3, 2005, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). Otherwise denied.

        B.    First sentence admitted. The defendants are without knowledge or information sufficient to admit or to deny the allegations of the second sentence and so denies the same.

        C.    The defendants are without knowledge or information sufficient to admit or to deny the allegations of this Paragraph so denies the same.

## Count Two

    48.    The defendants adopt their responses to the plaintiff's previous allegations as previously set out.

    49.    Denied.

    50.    Admitted.

    51.    The defendants admit that Defendant Molina made the decision to terminate the plaintiff's employment. Otherwise denied.

    52.    Denied.

    53.    Denied.

    54.    Denied.

    55.    Denied.

    56.    Denied.

    57.    Denied.

    58.    Denied.

    59.    Denied.

60. The defendants deny each and every other allegation of the Amended Complaint.

61. The defendants deny that Plaintiff is entitled to any relief whatsoever, specifically, but not limited to, the relief requested in the plaintiff's prayer for relief.

## DEFENSES

### First Defense

Defendant Molina is entitled to qualified immunity.

### Second Defense

Defendants are entitled to qualified, good faith, and discretionary function immunity.

### Third Defense

Plaintiff's claims, or parts thereof, are barred by the applicable statutes of limitations.

### Fourth Defense

The two-year statute of limitations for claims brought under 42 U.S.C. Section 1983 bars some or all of Plaintiff's claims.

### Fifth Defense

The claims in the Amended Complaint may not be brought pursuant to 42 U.S.C. Section 2000e unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statutes. To the extent that Plaintiff raises claims not made the subject of the EEOC charge he relies upon in his Amended Complaint, or alternatively, not made the subject of a timely signed, verified EEOC charge naming Defendants as respondents, or raises claims that arose more than 180 days before the filing of her EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit. Any and all claims not raised in a lawsuit timely-filed within ninety days of

Plaintiff's receipt of a Notice of Rights letter from the EEOC are time-barred and may not be litigated in this action.

## Sixth Defense

Defendants did not violate the terms of any clearly established constitutional right of the Plaintiff.

## Seventh Defense

All employment decisions and actions by Defendants respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons. Defendants deny that Plaintiff's religion was a substantial motivating factor in any decision regarding Plaintiff's employment.

## Eighth Defense

Assuming *arguendo* that the Plaintiff provides some evidence that an adverse employment action was motivated by his religious beliefs, Defendants plead the *Price Waterhouse/Mt. Healthy* defense and assert that Defendants would have taken the same adverse employment action for other, legitimate, non-discriminatory reasons.

## Ninth Defense

Defendants acted on reasonable factors other than religious practice in all of their dealings with the Plaintiff.

## Tenth Defense

Defendants deny that the Plaintiff's religious practice was a substantial motivating factor in any decision regarding his employment.

## Eleventh Defense

Assuming arguendo that Plaintiff provides some evidence that he contends establishes that an adverse employment action taken against him was motivated in part by his religion or

allegedly protected conduct, Defendants claim the *Price Waterhouse/Mt. Healthy* defense because they would have treated plaintiff the same in all respects for other legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Amended Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals. Where an employer in a "mixed motive" case proves that it would have made the same decision absent the alleged retaliatory bias, it has a complete defense from liability under Title VII for retaliation. *See, e.g., Pennington v. City of Huntsville*, 261 F.3d 1262, 1269 (11th Cir. 2001).

### Twelfth Defense

To the extent that Plaintiff may have been guilty of conduct, as yet unknown to Defendants or made known to Defendants after the termination of Plaintiff's employment, which conduct would have prevented his employment or caused his discharge, he is barred from seeking some or all damages.

### Thirteenth Defense

Plaintiff complains about decisions made by different decision-makers.

### Fourteenth Defense

Plaintiff's claims are estopped by waiver and unclean hands.

### Fifteenth Defense

The Plaintiff's Amended Complaint fails to satisfy the heightened pleadings standards for claims brought pursuant to 42 U.S.C. Section 1983. Defendant Molina is not properly placed on notice of what specific acts they allegedly took which gave rise to the causes of actions asserted, and are, therefore, unable to prepare an appropriate defense.

### Sixteenth Defense

The claims in the Amended Complaint may not be brought pursuant to 42 U.S.C. Section 2000(e) unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statutes. Plaintiff has not timely exhausted or satisfied all administrative remedies.

### Seventeenth Defense

Plaintiff is estopped and barred from asserting claims based on religious harassment because Plaintiff failed to avail himself of Defendants' policy against such conduct and the protections afforded by Defendants there under.

### Eighteenth Defense

The damages that Plaintiff may recover against Defendants in this action are subject to the damage limitations in 42 U.S.C. Section 1981(a) and (b).

### Nineteenth Defense

Plaintiff's claim under 42 U.S.C. § 1981 merges into the claim asserted under 42 U.S.C. Section 1983, and is otherwise subject to the limitations imposed by *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702, 105 L.ED.2d 598 (1989). In asserting this affirmative defense, Defendants do not concede that Plaintiff has asserted viable claims under 42 U.S.C. Section 1981 and/or Section 1983.

### Twentieth Defense

Defendants are state actors and are not liable to the Plaintiff under 42 U.S.C. Section 1981.

### Twenty-first Defense

Some or all of Plaintiff's claims have been waived.

### Twenty-second Defense

To the extent that Plaintiff's claims are fraudulent, they are barred.

### Twenty-third Defense

Defendants are not proper Defendants to claims asserted under Title VII of the Civil Rights Act of 1964, as amended.

### Twenty-fourth Defense

Defendants are entitled to the absolute immunity provided by the Eleventh Amendment to the Constitution of the United States: to the extent that Defendant Molina is being sued in his official capacity for alleged constitutional violations under 42 U.S.C. Section 1983, the Amended Complaint is barred by the Eleventh Amendment as said suit is in effect a suit against the State of Alabama which has not consented to such suit.

### Twenty-fifth Defense

Some or all of the decisions and/or employment actions challenged as discriminatory in the Amended Complaint would have been taken even if Plaintiff had not been in a protected class of individuals.

### Twenty-sixth Defense

The Plaintiff has failed to mitigate his damages...

### Twenty-seventh Defense

A Notice of Right to Sue against a governmental entity must be issued by the Attorney General of the United States 29 C.R.R. Section 1601.28. No such notice has been issued in this case.

### Twenty-eighth Defense

Defendants state in the alternative that they did not intentionally, willfully, or maliciously violate any of the statutes cited in the Amended Complaint.

### Twenty-ninth Defense

Defendants plead the defense of estoppel by conduct.

### Reservation of Additional Defenses

Defendants expressly reserve the right to assert other affirmative defenses as discovery proceeds.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL
        BY:

        **s/Winfield J. Sinclair**

        Winfield J. Sinclair
        Assistant Attorney General
        Attorney No. ASB-1750-S81W

        Office of the Attorney General
        11 S. Union Street
        Montgomery, AL 36130-0152
        TEL: 334-242-7300
        FAX: 334-353-8440
        E-Mail: wsinclair@ago.state.al.us

        Attorneys for Defendants
        Trenholm Tech and Anthony Molina

## **CERTIFICATE OF SERVICE**

This is to certify that on the 18th day of September, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

>Candis A. McGowan, Esquire
>John D. Saxon, P.C.
>2119 3rd Ave. North
>Birmingham, Alabama 35203
>
>Nancy Elaine Perry, Esquire
>Alabama Education Association
>P.O. Box 4177
>Montgomery, Alabama 36103-4177
>
>Monica L. Arrington
>P.O. Box 250091
>Montgomery, Alabama 36125-0091

And also by mailing a copy of the same by First Class United States mail to the following:

>Gary E. Atchison, Esquire
>P.O. Box 2002
>Montgomery, Alabama 36102-002

>**s/Winfield J. Sinclair**
>
>Winfield J. Sinclair
>Assistant Attorney General