IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DR. ROBERT J. WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: 2:06-CV-49-SRW** |
| ) | |
| **H. COUNCILL TRENHOLM STATE** ) | |
| **TECHNICAL COLLEGE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' FIRST CONSOLIDATED
DISCOVERY TO PLAINTIFF ROBERT J. WALKER**

**COME NOW** Defendants H. Councill Trenholm State Technical College ("Trenholm") and Anthony Molina ("Molina) (collectively, "Defendants") and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants H. Councill Trenholm State Technical College ("Trenholm") and Anthony Molina ("Molina) (collectively, "Defendants") serve Plaintiff, Dr. Robert Walker ("Plaintiff") with the following Interrogatories to be answered fully and under oath within thirty (30) days from the date of service. Pursuant to Fed. R. Civ. P. 26(e) these Interrogatories are continuing in nature and require supplemental responses if additional information regarding them is obtained by Plaintiff. If any Interrogatory cannot be responded to in full, it should be answered to the fullest extent possible and the reason(s) should be set forth regarding why it could not be answered in full. If in response to any interrogatory, Plaintiff asserts a claim of privilege, please give a full explanation of your reasons for asserting the privilege, and then comply with the response to the extent that the privilege or other reason does not apply to said particular response or part thereof, as required by Rule 26 (5) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

The Defendants set forth the following definitions of various words and phrases which are contained in the attached requests for discovery. The Defendants provide the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the Plaintiff understand the objectives of these discovery efforts and to locate and furnish the relevant information and materials. It is, therefore, expressly stipulated and agreed by Defendants that an affirmative response on the part of the Plaintiff will not be construed as an admission that any definition contained herein is either factually correct or legally binding on Plaintiff.

1. The term "you" or "yours" applies to the Plaintiff, his attorneys and agents.

2. "Document" means the original or any copy of any written, recorded, transcribed, printed or impressed matter of whatever kind, however produced or reproduced, including but not limited to sound or pictorial recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, electronic or mechanical transmissions, communications of all kinds, reports, operating statements, working papers, handwritings, charts, papers, writings, printings, transcriptions, tapes and recordings of all kinds.

3. "Identify" when used with respect to a <u>document</u> means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or request or motion for production of such a document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address, and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody, or control and the location of such document.

4. "Identify" when used with respect to an <u>individual</u> means to state the person's full name, present occupation and business affiliation, business address, and business phone number.

## I. INTERROGATORIES

1. Describe in detail all acts undertaken by Defendants that you contend support your claims that Defendants discriminated against you on the basis of religion. Please include in your answer:

    (a) the date, time, and place of such act(s);

    (b) the name, job title, and a detailed description of each agent or employee of Trenholm who was involved in any way in such acts;

    (c) the detailed facts of each such act of each such agent or employee of Trenholm;

    (d) the name and address of each person who is witness to or was involved in any way in such act; and

    (e) the detailed facts of the observation and knowledge of each such witness to each act.

2. State, in detail, all facts you contend support the allegations of your Amended Complaint that Defendants selected a less qualified individual than you for the positions of Director of Adult Education and Dean of the College on the basis of your religious belief.

3. State, in detail, all facts you contend support the allegations of your Amended Complaint that Defendants have a history of discriminating against employees based on their religion.

4. State in detail all facts you contend support the allegations of your Amended Complaint that Defendants failed to adhere to policies and procedures developed in accordance with the *Shuford/Johnson/Kennedy* Consent Decree with regard to the selection or non-selection of candidates for the following positions:

3

- Director of Adult Education
- Director of Title III-B
- Dean of the College
- Early Care and Education
- Program Coordinator, Adult Education

5. State in detail all facts you contend support the allegations of your Amended Complaint that the exercise of your rights to free speech and association was a significant motivating factor with regard to employment actions undertaken by Defendants involving you including, without limitation, the alleged denial of promotions and employment.

6. State, in detail, all facts that support the allegation in your Amended Complaint that Dr. Molina did not renew your contract due to your religious beliefs.

7. State, in detail, all facts that support the allegation in your Amended Complaint that Defendants discriminated against you and treated you differently throughout your employment in the terms of the conditions of your employment because of your religion including, without limitation, the basis of your allegation that you were held to a higher standard of performance as a result of your religious beliefs.

8. State all facts which you allege support your contention that you were qualified to be promoted to the position of Trenholm Director of Adult Education.

9. State all facts which you allege support your contention that you were qualified to be promoted to the position of Trenholm Dean of the College.

10. Do you allege that you were equally or more qualified than Quinton T. Ross, Jr. for the position of Trenholm Director of Adult Education? If so, explain in detail why you were equally or more qualified and state specifically the qualifications of you and Mr. Ross which you contend are relevant.

11. Do you allege that you were equally or more qualified than William (Bill) Hierstein for the position of Trenholm Dean of College? If so, explain in detail why you were equally or more qualified and state specifically the qualifications of you and Mr. Hierstein which you contend are relevant.

12. If you allege or contend that Defendants retaliated against you for filing the instant lawsuit or for filing any Charge of Discrimination with the EEOC, then please state as to each act of retaliation the following:

    (a) The date, time and place of each such act;

    (b) The name, job title and a detailed description of each agent or employee of Trenholm who was involved in any way in each such act;

    (c) The detailed facts of each such act of each such agent or employee of Trenholm;

    (d) The name and address of each person who was a witness to or was involved in any way in each such act;

    (e) The detailed facts of the observations and knowledge of each such witness to each act.

13. For each alleged instance of blackballing", "sabotage" or other retaliatory efforts to damage you or your career or to prevent you from being hired for positions within Postsecondary Education, please state in detail the following:

    (a) the person[s] who engaged in wrongful conduct;

    (b) the precise words or deeds you contend constituted the wrongful conduct; and

    (c) the third persons to or at whom the wrongful conduct was directed or whom you allege learned about it to your detriment.

5

14. Describe, in detail, each item of damage you claim you sustained as a result of the alleged discrimination. Please provide the calculations upon which you base your damages and the evidence and facts in support thereof.

15. If you have ever been a party to a lawsuit, either as a plaintiff or defendant, please state the names of the parties, the presiding court and the outcome of the case.

16. State whether you have ever been arrested, charged, or convicted of any misdemeanor or felony. For each such conviction, state the date and the court of conviction, the nature of the offense, and the sentence received.

17. Have you ever filed or made a written or oral grievance, complaint, notice, claim or charge with any employer, union, administrative agency, or governmental or quasi-governmental entity? If so, state the name of the employer or entity to whom you complained, the nature of the complaint, the date of the filing of the grievance, complaint or claim and the disposition or final outcome, if any.

18. For each and every request for production of documents which seeks documents for which production is refused by plaintiff pursuant to a claim of privilege, state the number of the request for production, the privilege claimed, the type of documents, and the date, subject, length, author, and addressee of the documents. Identify all persons to whom copies of the documents were furnished, including their addresses and telephone numbers, and state whether the documents contained any non-privileged material, and, if so, provide a description thereof.

19. If any person has given a statement to you, your attorneys or anyone acting on your behalf regarding the facts and circumstances underlying this lawsuit, please provide the name and address of each person giving a statement, the substance of each statement and the manner in which each statement was given.

20.     Please list and describe (or produce) any documents (including writings, diaries, drawings, drafts, charts, photographs, tapes or other data compilations) which you contend relate to (a) the allegations in your Amended Complaint, (b) your employment at Trenholm, (c) any events that transpired while you were employed by Trenholm, or (d) any events that transpired after your resignation from Trenholm which have relevance to the allegations in your Amended Complaint or to which you referred, reviewed or relied in answering any of the interrogatories contained herein or which relate in any way to the information requested in these interrogatories. Also state the present location and custodian of each such document.

21.     State in detail all facts you contend support your contention that Dr. Molina undermined your selection for Postsecondary Education positions by providing negative references in response to inquiries by the Presidents of the institutions where you interviewed and/or by disclosing the existence of this lawsuit to them. Include in your answer the names of the alleged Presidents to whom the statements allegedly were made and the substance of the alleged statements.

22.     For each request for admission you deny, please state in detail the basis of each denial.

23.     If you contend that any members of the search committees discriminated against you on the basis of religion during the search for the positions of Director of Adult Education, Director of Title III-B, Dean of the College, Early Care and Education Instructor and Program Coordinator – Adult Education, then please describe in detail (a) the nature of the alleged discriminatory act, (b) the date that the alleged discriminatory act occurred, and (c) the identities of any witnesses to the allege discriminatory acts.

7

For purposes of your response, the members of the respective search committees are as follows:

### DIRECTOR OF ADULT EDUCATION

- Mr. Wilford Holt (Chair)
- Ms. Jackie Dickerson
- Ms. Doris Turner
- Ms. Zandra Toney
- Mr. Henry Tylicki

### DIRECTOR OF TITLE III-B

- Ms. Arlinda Knight (Chair)
- Mr. David Jones
- Ms. Betty Edwards
- Mr. Walter Austin
- Ms. Jan Jones
- Ms. Debra Cobb

### DEAN OF THE COLLEGE

- Dr. Charles Henson (Chair)
- Mr. Wilford Holt
- Mr. Charles Harris
- Ms. Melissa Pritchett
- Ms. Helen Johnson
- Ms. Cecile Matthews
- Mr. Henry Tylicki
- Ms. Gail Taylor

### EARLY CARE AND EDUCATION INSTRUCTOR

- Ms. Jackie Dickerson (Chair)
- Dr. Tracie Carter
- Ms. Latrisha Brown
- Ms. Heath Flowers
- Ms. Robin Dennis

**PROGRAM COORDINATOR – ADULT EDUCATION**

- Mr. Wilford Holt (Chair)
- Ms. Zandra Toney
- Ms. Delphine Goldsmith
- Ms. Pebblin Warren
- Ms. Vanessa Murphy
- Ms. Eileen Olive

## II.     REQUEST FOR ADMISSIONS

1.     Admit that, pursuant to the selections procedures adopted under the *Shuford/Johnson/Kennedy* Consent Decree for the selection of administrative and supervisory positions, Dr. Molina had only two choices with respect to the positions to which you sought appointment: (a) select a candidate from the 3 finalists recommended by the recruitment and selection committee, or (b) decline to fill the position and start the entire process over again.

2.     Admit that you were not selected as one of the top three finalists for the position of Director of Adult Education.

3.     Admit that the top three finalists for the Director of Adult Education position were Arthur Ray Baker, Dorothy Fifer-Crawford and Quinton R. Ross, Jr.

4.     Admit that the Director of Adult Education position was filled by Mr. Quinton R. Ross, Jr., an African-American male.

5.     Admit that the top three finalists for the Title III-B position were Andrea Colette Agnew, Michael J. Evans and Betty J. Mullen.

6.     Admit that you were not selected as one of the top three finalists for the position of Director of Title III-B.

7.     Admit that the Director of Title III-B position search was terminated without filling the position.

8.  Admit that the top three finalists for the Dean of the College position were Linda Treadwell Bartlett, William (Bill) Hierstein and John Reutter, III.

9.  Admit that you were not selected as one of the top three finalists for the Dean of College position.

10. Admit that William (Bill) Hierstein was selected for the Dean of College position.

11. Admit that the top three finalists for the Early Care and Education Instructor position were Jeannie L. Allen, Susan Gandy and Robert J. Walker.

12. Admit that the Early Care and Education Instructor position search was discontinued without hire.

13. Admit that the search for the Program Coordinator, Adult Education position was terminated without filling the position.

14. Admit that, during your interview by the recruitment and selection committee for the position of Director of Adult Education, no member of the committee ever asked you any questions about religion, your religious affiliation or your religious beliefs.

15. Admit that, during your interview by the recruitment and selection committee for the position of Director of Title III-B, no member of the committee ever asked you any questions about religion, your religious affiliation or your religious beliefs.

16. Admit that, during your interview by the recruitment and selection committee for the position of Dean of the College, no member of the committee ever asked you any questions about religion, your religious affiliation or your religious beliefs.

17. Admit that during your interview by the recruitment and selection committee for the position of Early Care and Education Instructor, no member of the committee ever asked you any questions about religion, your religious affiliation or your religious beliefs.

18. Admit that you posted anonymous comments regarding Defendants on a weblog (blog) titled "TrueFacts".

19. Admit that Defendants never took any adverse action against you as a result of your inability to attend the Hyundai Fair in June 2004 because of religious reasons, *e.g.*, that the fair fell on a Saturday.

20. Admit that you never made filed a grievance or otherwise reported to the Human Resources Department of Trenholm any act of alleged religious discrimination against you or anyone else.

### III. REQUEST FOR PRODUCTION

Please produce the following materials:

1. Any documents you contend support your claims that Defendants discriminated against you on the basis of your religion.

2. Any communications you have had with any media regarding any of the claims or allegations of your Amended Complaint, including, without limitation, communications with newspapers, television, radio, internet weblogs (blogs) or journals regarding the claims made the basis of your claims against Defendants.

        Respectfully submitted,

        s/Christopher W. Weller
        CHRISTOPHER W. WELLER (WEL020)
        ROBERT T. MEADOWS III (MEA012)
        Attorneys for Defendants

OF COUNSEL:

Capell & Howard, P.C.
150 S. Perry Street (36104)
P. O. Box 2069
Montgomery, AL 36102-2069
Telephone:  (334) 241-8000
Facsimile:  (334) 323-8888

Troy King, Attorney General
Office of Attorney General
11 S. Union Street
Montgomery, AL 36130-0152

Joan Y. Davis
Alabama Department of Post Secondary Education
401 Adams Avenue, Suite 280
Montgomery, Alabama 36104

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been served upon each of the following persons electronically via CM/ECF filing system on this the 26th day of January, 2007:

| | |
|---|---|
| Candis A. McGowan<br>John D. Saxon, P.C.<br>2119 3rd Avenue North<br>Birmingham, AL 35203 | Nancy E. Perry<br>P. O. Box 4177<br>Montgomery, AL 36103-4177 |
| Gary E. Atchison<br>P.O. Box 2002<br>Montgomery, AL 36102 | Monica Arrington<br>P.O. Box 250091<br>Montgomery, AL 36125 |

        s/ Christopher W. Weller
        Christopher W. Weller (WEL020)