IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DR. ROBERT J. WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:06-cv-49-ID-SRW |
| | ) |
| **H. COUNCILL TRENHOLM** | ) |
| **STATE TECHNICAL COLLEGE,** | ) |
| **and ANTHONY MOLINA,** | ) |
| **individually and in his official** | ) |
| **capacity as President, H. Councill** | ) |
| **Trenholm State Technical College,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

**COMES NOW** Plaintiff Dr. Robert J. Walker and respectfully requests that this Court deny Defendants'' Motion to Consolidate this case with that of *Eileen Olive v. H. Councill Trenholm State Technical College, et al,.* Civil Action No. 2:06-cv-48-MEF (M.D. Ala.). In support thereof, Plaintiff shows the following:

1. Pursuant to Rule 42(a), consolidation should be denied because the plaintiffs' claims in

these two cases involve several different issues of facts and law, as well as different defendants. While both plaintiffs did unsuccessfully seek appointment to the same job position of Director of Adult Education, this denial of promotion claim is not the only claim in both of the lawsuits. Contrary to defendants assertions in their Motion to Consolidate, these two cases are not identical. Consolidation of the two matters would not promote judicial efficiency in that it will create unnecessary discovery for each of the plaintiffs, it may confuse the jury on the issues in the cases,

and will involve different defendants.

  2. Pursuant to this Court's August 23, 2006 Order on Defendants' Motion to Dismiss and

Alternative Motion for More Definite Statement, Dr. Walker filed his Amended Complaint on or about September 7, 2006. Dr. Walker's Amended Complaint only makes claims against defendants H. Councill Trenholm State Technical College (hereinafter "Trenholm Tech") and Anthony Molina, in his individual and official capacity as President of Trenholm Tech. Dr. Walker's Amended Complaint brings claims against the defendants for religious discrimination pursuant to Title VII, for First and Fourteenth Amendment violations based upon his religion and free speech, for retaliation regarding the exercise of his rights, and for violations of 42 U.S.C. § 1981 and 1983. Dr. Walker is making claims for the termination of his employment, for religious discrimination and retaliation he experienced throughout his employment, and for the denial of **several** promotions and job positions, including the position of Director of Adult Education.

  3. Dr. Walker's case will involve facts that are distinct and separate from the facts involved

in Ms. Olive's case. While there may be some common facts involving the selection of the one position of Director of Adult Education, the majority of the facts in Dr. Walker's case do not involve the same facts as those in Ms. Olive's case. As for their discrimination claims, Dr. Walker is an African-American male, who is alleging religious discrimination. Ms. Olive is a Caucasian female who is alleging gender and reverse race discrimination.

  4. On or about December 1, 2006, the Court in Ms. Olive's case entered its Order on Defendants' Motion to Dismiss and Alternative Motion for More Definite Statement and ordered Ms. Olive to file an amended complaint with more definite statement by no later than December 18,

2006. Ms. Olive complied with said Order and filed her Amended Complaint, a copy of which is attached as Exhibit "A". Ms. Olive's case has different defendants, in that, in addition to defendants Trenholm Tech and Molina, she is also making claims against former Chancellor Roy Johnson, in his individual and official capacity as Chancellor of the Alabama Department of Postsecondary Education. Ms. Olive's Title VII claims for gender and reverse race discrimination include the denial of the promotion to the position of Director of Adult Education, retaliation after she complained of discrimination, and discrimination experienced throughout her employment. In addition, Ms. Olive makes claims pursuant to 42 U.S.C. §§ 1983 and 1985(3) against defendants Molina and Johnson regarding their actions, as well as a denial of Equal Protection claim.

5. Dr. Walker's claims are distinctly different from the claims of Ms. Olive and will involve many different witnesses. Dr. Walker's claims will involve different facts and witnesses on many of the issues that do not relate to Ms. Olive's claims. Both cases will involve facts and questions of law on many issues other than the one issue of the denial of the promotion to the job position of Director of Adult Education. Furthermore, Ms. Olive is still employed and she does not have a termination of employment claim.

6. These two cases are also at different stages of the litigation process. Dr. Walker's case is in the discovery phrase. In Ms. Olive's case, the parties have not had their required Rule 26 Parties' Planning Meeting, so no discovery schedule has been created and no discovery has begun.

7. Dr. Walker's claims of religious discrimination are totally different from Ms. Olive's claims of gender and reverse race discrimination. Both cases also bring different claims for other violations

of their constitutional and statutory rights. Due to the different nature of their distinctively different discrimination claims, the different constitutional and statutory violations, and the different defendants, a jury could be confused over the different claims presented in each case. Dr. Walker and Ms. Olive would be prejudiced by consolidating their cases and they would also be forced to incur additional discovery expenses due to the different witnesses. "A court should consider claims of prejudice to the parties in deciding whether to consolidate cases." *Lexington Lasercomb I.P.A.G v. GMR Products, Inc.*, 442 F.Supp.2d 1277, 1279 (S.D. Fla. 2006) (consolidation denied due to potential confusion over different infringing devices at issue in the case). See also *Bernardi v. City of Scranton,* 101 F.D.R. 411, 35 Fair Empl. Prac. Cas. (BNA) 468 (M.D. Pa. 1983) (consolidation denied when the different factual backgrounds and legal theories of several § 1983 and ADEA claims were likely to confuse the jury.)

    8.    Dr. Walker and Ms. Olive worked in different departments at Trenholm Tech and their complaints make different claims and seek different remedies. These different factors differentiate the two cases, which results in their claims not presenting sufficient common issues of law or fact to justify consolidation. See *Vance v. City of Nacogdoches, Texas*, 198 F.Supp.2d 858, 861 (E.D. Tex. 2002) (consolidation denied because parties worked in different departments, brought different claims and sought different remedies in Title VII cases).

    9.    In this case, Roy Johnson is not a party as he is in the Olive matter. Due to the different defendants in the matters, the different claims against the similar defendants may result in confusion and complication of the judicial proceeding rather than promoting judicial efficiency. In addition, consolidation of the cases may result in creating numerous logistical problems regarding the

presentation of evidence which might be admissible and/or relevant in one case but not the other case. Such differences in parties and issues supports the denial of consolidation. *Sidari v. Orleans County,* 174 F.R.D. 275, 282 (W.D.N.Y. 1996).

10. For the limited purposes of the deposition testimony and discovery from the selection committee for the job position of Director of Adult Education, Dr. Walker has no objections to consolidating this discovery so that all parties can save costs. Dr. Walker also has no objections to consolidating any other discovery that involves identical facts and issues. However, Dr. Walker feels that he will be prejudiced by consolidating his case for trial with that of Plaintiff Olive due to the problems and issues created by the differences pointed out above.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court deny Defendants' Motion to Consolidate. In the alternative, Plaintiff asks that this Court enter an Order only consolidating the discovery concerning the selection committee and its process for the job position of Director of Adult Education in these two cases.

                                        Respectfully submitted,

                                        /s/ Candis A. McGowan
                                        Candis A. McGowan (ASB-9358-036C)

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis
The Kress Building
301 - 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
Email: cmcgowan@wcqp.com

/s/ Nancy E. Perry
Nancy E. Perry (ASB 3929-R76N)

P.O. Box 4177
Montgomery, Alabama 36103-4177
Telephone: (334) 834-9790
Facsimile: (334) 834-7034
Email: nancyp@alaedu.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February 2007, I served a copy of the above and foregoing upon the following attorneys by electronically filing the same with the CM/ECF system, which will send electronic notice of same to:

Robert T. Meadows, III
Christopher W. Weller
Capell & Howard, P.C.
Shyway Professional Center
3120 Frederick Road
Suite B(36801)
Post Office Drawer 2268
Opelika, AL 36803
Email:rtm@chlaw.com

/s/ Candis A. McGowan
Of Counsel