IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. ROBERT J. WALKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06cv49-ID |
| | )        (WO) |
| H. COUNCILL TRENHOLM STATE | ) |
| TECHNICAL COLLEGE, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Before the court is a motion to consolidate filed on February 13, 2007, by Defendants H. Councill Trenholm State Technical College ("Trenholm Tech") and Dr. Anthony Molina ("Dr. Molina"), the former president of Trenholm Tech.[1] (Doc. No. 28.) Defendants move the court to consolidate for discovery and trial the above-styled case with the case of Eileen D. Olive v. H. Councill Trenholm State Technical College, et al., Civil Action No. 2:06cv48-MEF (M.D. Ala. 2006).[2] The motion to consolidate is opposed by Plaintiff Dr. Robert J. Walker ("Dr. Walker"), who filed a brief in opposition, to which Defendants submitted a reply brief. (Doc. Nos. 30-31.) Having reviewed the pleadings in these employment discrimination lawsuits and the arguments of counsel in

---

[1] Sadly, Dr. Molina passed away on April 7, 2007.

[2] For brevity, the court refers to the two lawsuits as the Olive and Walker actions.

support of and in opposition to consolidation, the court finds that the motion to consolidate is due to be denied.[3]

Rule 42(a) confers upon district courts broad discretionary authority to order consolidation when separate lawsuits involving a common question of law or fact are pending in the same court.[4] See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (observing a district court's "purely discretionary" authority under Fed. R. Civ. P. 42(a)); Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973) (holding that district court's decision to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice").[5]

In this circuit, trial judges have been "urged to make good use of Rule 42(a) . . . where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and

---

[3] The court notes that an identical motion to consolidate was filed in the Olive case by Trenholm Tech and Dr. Molina, as well as by Chancellor Roy W. Johnson who is not a party in the instant lawsuit. Plaintiff Eileen D. Olive ("Ms. Olive") opposes the motion to consolidate. Because the motions to consolidate present the same questions for resolution, this order constitutes the explanation in both cases for denying consolidation.

[4] Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).

[5] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. See 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

confusion." Dupont v. Southern Pac. Co., 366 F.2d 193, 195 (5th Cir. 1966). At the same time, however, "the trial judge should be most cautious not to abuse his [or her] judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." Id. at 196. In exercising his or her discretion, the trial judge should weigh

> "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

Hendrix, 776 F.2d at 1495 (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)); see also Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) (observing that "a court should balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation"); Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983) ("In deciding whether to order consolidation, the trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense.").

Additionally, the trial judge should consider "the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." Hendrix, 776 F.2d 1492. Whether the parties in the two cases are the

same and whether the cases are at the same stage of trial preparation also are relevant inquiries to the determination of consolidation. See *In re* Enron Corp. Sec., Derivative & "ERISA" Litig. ("*In re* Enron"), Civil Action Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, *1 (S.D. Tex. Feb. 7, 2007).

As grounds for their motion to consolidate, Defendants assert that the Walker and Olive lawsuits are substantially similar because Plaintiffs allege that they were victims of discrimination when they unsuccessfully sought appointment to the same position of Director of Adult Education at Trenholm Tech and that the governing hiring procedures, which were implemented by the court in Shuford v. Alabama State Board of Education, 897 F. Supp. 1535 (M.D. Ala. 1995), were violated. Given these similarities, Defendants contend that consolidation will produce "significant savings of time and resources for the Court and the parties," promote judicial efficiency and permit a "logical and uniform determination" of the common claim. (Defs. Mot. Consolidate ¶¶ 12, 13 (Doc. No. 10).) Defendants also assert that inconsistent verdicts could result from separate trials and that separate trials would require substantial duplication of discovery and trial testimony for both sides. (Defs. Reply at 4-5, 7 (Doc. No. 31).)

Dr. Walker, who opposes consolidation, argues that the two lawsuits do not share a sufficient identity of interests because the majority of the facts and theories of recovery are "distinctly different," proof of Plaintiffs' unrelated claims implicates "many different witnesses," and Ms. Olive sues a defendant who is not a party to Dr. Walker's lawsuit. (Dr. Walker Resp. at 2-4 (Doc. No. 30).) Furthermore, Dr. Walker asserts that the

4

possibility of jury confusion and prejudice to Plaintiffs outweighs any benefit of trying the cases together. (Id. at 4.) For the reasons to follow, the court agrees with Dr. Walker.

The court recognizes, as Defendants point out, that the Walker and Olive lawsuits, which are brought pursuant to federal employment discrimination and civil rights statutes, share some common facts. Namely, during overlapping time frames, Dr. Walker and Ms. Olive were employed by Trenholm Tech in supervisory positions in different departments. Plaintiffs deemed themselves well qualified for the position of Director of Adult Education when Trenholm Tech advertised the opening in or about June 2004. Both Plaintiffs, therefore, applied for the job. Dr. Walker and Ms. Olive were among the top eight finalists who were interviewed; neither Plaintiff, however, was offered the job. At this point, though, the court finds that the similarities end.[6]

Although Plaintiffs contend that they were not selected for the position of Director of Adult Education for discriminatory reasons, the discriminatory animus which allegedly motivated the decisionmakers is different for each Plaintiff. Alleging intentional discrimination on the basis of his religion, Dr. Walker contends that he was denied the

---

[6] The court notes that Defendants have emphasized more than once in their briefs that all that is required for consolidation is the existence of a single common question of law or fact. (See, e.g., Defs. Reply at 1-2 (Doc. No. 31).) Although the court does not disagree with this general proposition, it is noteworthy to accentuate also that the fact that a common question exists does not mean that consolidation is mandatory. See Hargett v. Valley Federal Sav. Bank, 60 F.3d 754, 765 (11th Cir. 1995) ("A trial court *may* consolidate cases when actions involving a common question of law or fact are pending before the court") (emphasis added); Kelly v. Kelly, 911 F. Supp. 66, 69 (N.D.N.Y. 1996) ("Although such common issues are a prerequisite to consolidation, the mere existence of these issues does not require a joint trial as a matter of course").

position because he is a practicing Seventh Day Adventist and that the successful applicant, although less qualified than Dr. Walker, did not hold the same religious beliefs. Ms. Olive, on the other hand, contends that she was denied the position of Director of Adult Education due to her gender (female) and her race (Caucasian) and that the selected applicant who is an African-American male had fewer qualifications. Dr. Walker, thus, will be required to prove his claim of job discrimination by presenting evidence of specific acts which demonstrates that Defendants harbored religious animus toward him, while Ms. Olive's claim will focus on facts pertaining to gender and racial animus. Based on the foregoing, the court finds that, although Dr. Walker and Ms. Olive allege that discriminatory reasons motivated the denial of their applications for the position of Director of Adult Education, this common contention is insufficient to support consolidation given the other factual and legal dissimilarities inherent in the claims.

Moreover, having reviewed the files in both lawsuits, the court is not persuaded by Defendants' argument that both trials will focus largely on the alleged improprieties in the selection process used by Defendants to fill the position of Director of Adult Education. Although Dr. Walker references a purported aberration of the governing <u>Shuford</u> procedures in the "facts" section of his amended complaint, in his two claims for relief (Counts One and Two), Dr. Walker seeks individual relief under Title VII,[7] 42 U.S.C.

---

[7] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII").

§ 1981 and the First Amendment for religious discrimination in the failure of Defendants to appoint him Director of Adult Education. He does not bring a separate Fourteenth Amendment equal protection claim, as does Ms. Olive in Count Three of her complaint, specifically challenging as arbitrary and capricious the alleged failure of Defendants to follow the Shuford procedures in filling the vacancy for the position of Director of Adult Education.

In light of the foregoing findings that Plaintiffs' overlapping claims actually hinge upon different legal theories and proof of distinct facts, the court also rejects Defendants' argument that the risk of inconsistent verdicts regarding Plaintiffs' non-selection warrants consolidation. On this point, the court observes that Defendants hypothesize that a fact finder could conclude in one trial that the successful applicant for the position of Director of Adult Education was "the best qualified candidate," while "a second jury could reach the opposite conclusion." (Defs. Reply at 7 (Doc. No. 31)); see generally Ash v. Tyson Foods, Inc., 546 U.S. 454 (2006) (per curiam) ("[Q]ualifications evidence may suffice, at least in some circumstances, to show pretext."). Defendants' argument is over-inclusive because the qualifications of the successful applicant are measured separately against the qualifications of each Plaintiff. For argument only, a finding that Dr. Walker was more qualified than the selected applicant would not be inconsistent with a finding that Ms. Olive was less qualified than the successful applicant. Similarly, again for purposes of argument only, a jury's ultimate determination that Defendants' decision in the selection process was free of religious animus in Dr. Walker's case would not be controlling in Ms.

Olive's case or inconsistent with the jury's determination that racial and/or gender discrimination motivated Ms. Olive's non-selection.

 Not only are there factual and legal distinctions in Plaintiffs' discrimination claims predicated on Defendants' decision to reject their applications for the position of Director of Adult Education, but, as recognized by Defendants (Defs. Reply at 6 (Doc. No. 31)), each Plaintiff also asserts additional discrimination claims arising from distinct facts, legal theories and statutes. Specifically, Dr. Walker brings two Title VII religious discrimination claims arising from the rejection of his applications for the positions of Dean of College and Director of Title III at Trenholm Tech. He also brings a termination claim, contending that his contract was non-renewed based upon his professed religious beliefs in violation of Title VII and in retaliation of his exercise of free speech in violation of the First Amendment. Such claims are not present in Ms. Olive's case.

 While both Plaintiffs claim that they complained about the selection process for filling the vacancy of Director of Adult Education and, thereafter, endured retaliation, the retaliation they allegedly suffered does not overlap in all regards. Dr. Walker alleges that Defendants retaliated against him by failing to renew his contract, while the retaliatory acts of which Ms. Olive complains focus on the modification and removal of her job duties. Additionally, Ms. Olive brings separate claims asserting gender and race discrimination when her job responsibilities were adversely altered. Finally, as referenced above, Ms. Olive brings a Fourteenth Amendment equal protection claim, which incorporates conspiracy averments pursuant to 42 U.S.C. § 1985(3), against a defendant who is not a

party to this lawsuit. These different claims and different theories of recovery outnumber the sole overlapping claim and appear to be just as significant. See Bernadi, 101 F.R.D at 413-14 (denying consolidation in employment discrimination lawsuits filed by former city employees of the same department who alleged discriminatory terminations because the circumstances and evidence surrounding the terminations would differ and one lawsuit involved "other equally significant issues" with different theories of recovery).

Given the diversity of claims asserted by Dr. Walker and Ms. Olive, which undoubtedly will involve proof of separate facts by different witnesses, the court finds that consolidating the cases would not result in any significant savings of time or reduction in duplication of trial testimony. To the contrary, the court finds that consolidation likely would unnecessarily extend the scope of litigation, resulting in unnecessary delay and burdens to all parties.

Relatedly, the court finds that the parallel presentation in a joint trial of the alleged various discriminatory acts has the potential of confusing the jury and negatively impacting its ability to weigh and consider impartially and separately the evidence presented in each case. In a consolidated trial, the jury will be required to distinguish and to compartmentalize the evidence as it applies to each Plaintiff and to each Plaintiff's different claims of discrimination and retaliation. Cf. Bailey v. Northern Trust Co., 196 F.R.D. 513 (N.D. Ill. 2000) (granting severance of plaintiffs' trials in employment discrimination lawsuit and observing the likelihood of jury confusion which would arise in a single trial where the jury would have "to keep separate each plaintiff's individualized claim and work

9

history"). Furthermore, the court disagrees with Defendants that preventive measures, such as the use of cautionary instructions, would sufficiently alleviate the potential of jury confusion or prejudice to Plaintiffs. The court, therefore, finds that the likelihood of confusion in the minds of the jurors and prejudice to Plaintiffs outweighs the benefits of any possible convenience or economy to be obtained from consolidation in discovery and at trial.

Finally, the court observes that, unlike in Ms. Olive's case, a Uniform Scheduling Order has been entered in Dr. Walker's case. The Uniform Scheduling Order, which has been in effect more than six months, sets a discovery deadline in September 2007 and a trial date in November 2007. The fact that the two lawsuits are in different stages of trial preparation presents yet another reason for denying the motion to consolidate. See *In re Enron*, 2007 WL 446051, *1.

In sum, based upon the particular facts and circumstances of the Olive and Walker lawsuits and the court's balancing of the foregoing factors, it is CONSIDERED and ORDERED that Defendants' motion to consolidate be and the same is hereby DENIED.

DONE this 17th day of April 2007.

                                            /s/ Ira DeMent
                                            SENIOR UNITED STATES DISTRICT JUDGE